# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

JEREMY LIVINGSTON.,                )
                                   )
    Plaintiff,                 )
                                   )
v.                                 )   Case No.: 2:18-cv-02128-JHE
                                   )
BIRMINGHAM LANDMARKS, INC.,        )
                                   )
    Defendant.                 )

## MEMORANDUM OPINION[1]

Plaintiff Jeremy Livingston ("Livingston" or "Plaintiff") and Defendant Birmingham Landmarks, Inc. ("Birmingham Landmarks" or "Defendant") have jointly moved for approval of their settlement agreement, (doc. 25), which represents the resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). For the reasons set forth below, the court approves the parties' settlement.

## I. Background Facts[2]

Defendant Birmingham Landmarks owns the historic Alabama Theatre and Lyric Theatre. Birmingham Landmarks rents these venues to producers of entertainment productions, performances, competitions, and other events. Birmingham Landmarks has employment contracts with individuals performing duties essential to the operation of the Alabama Theatre and the Lyric Theatre as entertainment venues. Additionally, when it acts as a broker, Birmingham Landmarks

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.

[2] The parties have laid out these agreed-upon facts and positions in their motion for settlement approval. (*See* doc. 25).

has independent contractor agreements with many individuals capable of performing the services needed by producers renting the theatres.

Plaintiff claims that during the relevant time-period, Birmingham Landmarks employed him as a Sound Director, but incorrectly considered him an independent contractor and failed to pay him overtime compensation when he performed services at the Alabama Theatre and/or Lyric Theatre in excess of forty hours during a work week. Plaintiff contends that he complained to Birmingham Landmarks about its failure to pay him overtime and that Birmingham Landmarks, in retaliation for his complaints, terminated his employment as Sound Director.

Birmingham Landmark contends that its primary business is that of owning and operating entertainment venues and not producing entertainment events. Birmingham Landmarks contends that, to the extent it referred workers to producers and performers who rented its venues, Birmingham Landmarks operated as a broker. Birmingham Landmarks contends that it did not employ Livingston as a Sound Director, sound operator, or audio operator. Birmingham Landmarks contends Livingston did not complain about overtime compensation. Birmingham Landmarks contends that if Livingston did complain about overtime compensation (which it denies), it did not bar Livingston from providing services at the Alabama Theatre or the Lyric Theatre in retaliation for any complaint regarding overtime compensation.

The parties reached a settlement through court-conducted mediation, which provides as follows:

1. As consideration for the payment of the sum of Seventeen Thousand Five Hundred and No/100 Dollars ($17,500.00) comprised as follows:

    a. Five Hundred and Twenty Dollars ($520.00) less withholdings required by law, as compensation paid pursuant to the Fair Labor Standards Act, with such payment reported via W-2 to taxing authorities;

    b. Five Hundred and Twenty Dollars ($520.00) paid as liquidated damages pursuant to the Fair Labor Standards Act, with such payment reported via Form 1099 to taxing authorities;

    c. Fifteen Thousand Four Hundred Sixty and No/100 Dollars ($15,460.00) for personal injury and attorney's fees and costs and not as back pay, front pay, nominal damages, economic compensatory damages, liquidated damages, punitive damages or the value of equitable relief, with such payment reported via Form 1099 to taxing authorities; and

    d. One Thousand and No/100 Dollars ($1,000.00) paid to Livingston by or on behalf Birmingham Landmarks as consideration for the general release executed by Livingston in favor of Birmingham Landmarks, with such payment reported via Form 1099 to taxing authorities.[3]

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011). Consequently, parties may settle an FLSA

---

[3] Livingston knowing and voluntary generally releases and discharges Birmingham Landmarks, and all its directors, employees, agents, attorneys, successors, and assigns of Birmingham Landmarks, as more particularly set forth in the Settlement and General Release Agreement, attached as document (25-1), and agrees to the other terms and conditions of the Settlement and General Release Agreement.

claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United State*s, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

The parties' dispute as to the merits of the case is legitimate. Specifically, there is a bona fide dispute as to whether Livingston was an employee or an independent contractor. Each party agrees there exists a possibility that the court may grant summary judgment in favor of Birmingham Landmarks on the independent contractor/employee issue, and, if so, both of Livingston's claims would be dismissed with no recovery. (Doc. 25 at 9-10). The parties also agree that there is a possibility the court may not enter summary judgment in favor of Birmingham Landmarks on this issue, and Livingston's claims would proceed to trial unless settled. (*Id.* at 10). The same can be said for Livingston's retaliation claim. (*Id.*). If Livingston prevails, Livingston may be able to establish liability for overtime compensation for $520, for liquidated damages in the amount of $520, and an attorney's fee in excess of $25,000. (*Id.* at 11). Thus, even if Livingston prevails, based on the records, his overtime claim, with liquidated damages, may have the value of $1,040.00. (*Id.*). If Livingston were to prevail on his retaliation claim, an award of

damages may or may not exceed the value of the settlement reached. (*Id.*). Having reviewed the motion for approval of settlement, the proposed settlement agreement is a fair and reasonable resolution of this bona fide dispute.

"Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). Because the parties represent the attorney's fee was separately negotiated during court-conducted mediation, the court concludes Plaintiff's recoveries were not affected by the amount of the attorneys' fee. The court has considered the amount of the fee and finds it to be reasonable.

### III. Conclusion

Livingston's FLSA claims represent a bona fide dispute over FLSA provisions, and the parties' settlement is a fair and reasonable resolution of this bona fide dispute. Therefore, the parties' Joint Motion for Approval of Settlement, (doc. 25), is **GRANTED**, and the settlement is **APPROVED**. A separate order will be entered.

DONE this 17th day of June, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE